THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JULIO ENRIQUE PINTO MEDINA, Defendant and Appellant.

No. CR-63-203.    Decided June 10, 1964.

*Juan J. Turull,* attorney designated by the Supreme Court to aid defendant on appeal. *J. B. Fernández Badillo, Solicitor General,* and *María Luisa Fuster* for The People.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

A jury found defendant-appellant guilty of a violation of § 328 of the Penal Code, 32 L.P.R.A. § 1364. That section provides, among other things, that every automobile driver who, through gross negligence or carelessness, allows or causes said automobile to collide with another automobile or with any other object, whereby the death of a human being is produced, is punishable by imprisonment in the penitentiary for a maximum term of five years. The court sentenced defendant to imprisonment in the penitentiary for a term of one to five years. Appellant assigns six errors, which we shall hereinafter discuss.

First error assigned: "The verdict is in conflict with the law and the evidence inasmuch as defendant-appellant's guilt was not proved beyond a reasonable doubt."

■ The evidence for the prosecution established the following. On March 3, 1962, at about eight o'clock in the eve-

ning, defendant was driving his automobile along highway number two, from Manatí to Vega Baja. He was followed by an automobile driven by José Ramón Morales. Suddenly and without making any sign, defendant slightly swerved his automobile to the right, unexpectedly turning left to make a "U"-turn. It was precisely then, when he was making a left "U"-turn, that the automobile driven by Morales and defendant's automobile collided. Defendant's automobile received the impact in the middle of the left-hand side. The automobile driven by Morales received the impact in the front.

Víctor M. Class, a witness for the defense, was riding with defendant. With Morales rode, in the front seat, on his right, Nilda Novoa Torres, and in the back seat, Gilberto Hidalgo, Peggy Ruth Novoa, and Jorge Palacios. The autopsy performed on the decedent, Nilda Novoa Torres, showed that as a result of the collision the latter's liver had ruptured, six right ribs and seven left ribs were fractured, her right humerus was fractured and she suffered several cuts on her face, as well as other bruises, all of which caused her death.

The evidence for the prosecution consisted of the testimonies of José Ramón Morales, Juan Aníbal Rosa, and Police Sergeant Jaime Nieves, of the report of the physician who performed the autopsy, which was stipulated by the parties, and of photographs of the automobiles, taken after the accident. Other witnesses who had been summoned by the prosecuting attorney were not utilized. He informed that their testimonies were of a cumulative nature and placed the witnesses at the disposal of the defense.

The evidence for the defense consisted only of the testimony of Víctor M. Class, defendant's companion. This witness testified that while the vehicle in which they were riding was parked to the right, the car driven by Morales came along and collided with them. He testified that the car driven by Morales was moving with zigzags and at an excessive speed. He was confronted with his sworn statement

before the prosecuting attorney in which he said that the vehicle driven by defendant was in motion when the collision occurred, whereas in his oral testimony at the trial he claimed that at that moment it was parked. He was asked for an explanation and he replied that he could give none. Tr. Ev. 58.

The court made an inspection of the scene of the accident. Morales was unable to testify regarding the position in which the vehicles were left because in addition to having a fractured arm he was unconscious and was taken to the hospital. Appellant alleges that his vehicle was found on the right-hand side of the road while Morales' vehicle remained in the middle of the road. The police sergeant testified that when he arrived at the scene of the accident, he found defendant's car on the right-hand side of the road, but did not know whether it had been moved after the collision. It is not clear from the transcript of the evidence whether defendant's vehicle was moved to the right in order to facilitate traffic or whether the impact of the collision had moved it towards the right side of the road. Of course, the testimonies of Morales and Class are in conflict as to whether defendant's vehicle turned left or was parked to the right. The photographs (The People's Exhibits 3, 5, and 6) clearly show that defendant's vehicle received the impact in the middle of the left side and another photograph (The People's Exhibit 4) shows that the vehicle driven by Morales received the impact squarely in front, which tends to support Morales' version. The conflict in the evidence was settled by the jury, on whom this was incumbent, and the record and the transcript of the evidence contain sufficient grounds to support the jury's determination of the evidence. *People* v. *Rivera Ramos*, 88 P.R.R. 593 (1963); *People* v. *López*, 77 P.R.R. 500, 503 (1954); *People* v. *Rodríguez*, 70 P.R.R. 21, 23 (1949). The first error assigned was not committed.

Second error: "The Court erred in not protecting defendant-appellant's constitutional rights." Appellant rests his discussion of this error on two arguments. First, that the court was chargeable with bias "when it failed to complement the instructions by stressing one-sidedly defendant-appellant's responsibilities to that effect."

In the first place, appellant did not ask the court to give additional instructions (notwithstanding the judge's express invitation to the parties to raise objections, if they had any, to his instructions) and he cannot now, on appeal, allege as an error the omission of such instruction. *People* v. *Rodríguez Correa*, 88 P.R.R. 635 (1963); *People* v. *Cruz*, 78 P.R.R. 74, 77 (1955); *People* v. *García*, 78 P.R.R. 379, 388 (1955); *People* v. *Matos et al.*, 26 P.R.R. 520 (1918); *The People* v. *Llauger*, 14 P.R.R. 534 (1908); *The People* v. *Robles*, 10 P.R.R. 470 (1906). In the second place, the paragraphs of a judge's instructions to the jury must be read together and not isolatedly. *People* v. *Barriera González*, 89 P.R.R. 756 (1964); *People* v. *Negrón*, 79 P.R.R. 279 (1956). We have examined the ample instructions given by the judge to the jury in this case, covering from page 61 to page 81 of the transcript of the evidence, and as a whole we do not think that they stress unilaterally defendant's responsibilities. Although it is true that the judge, as it was his duty, pointed out the duties of prudence required by law of motor-vehicle drivers, he also made it clear in his instructions to the jury that defendants are presumed innocent until otherwise proved beyond a reasonable doubt, that it is incumbent on the prosecuting attorney to prove the facts alleged in the information, that "the evidence must not bring confusion to the mind of the judge," that the occurrence of a collision is not determinative by itself of the commission of an offense, that the testimonies heard by the jury, not the judge's summary of the evidence, are the determining factor and that,

with respect to questions of fact, it is incumbent on the jury to make the findings.

■■ The second argument on which appellant rests the second assignment of error is that defendant's right to be confronted with the witnesses for the prosecution not utilized by the latter had been curtailed because the prosecution did not utilize them. He is not right. When resting the case, the prosecution said: "The rest of the evidence, Your Honor, is of a cumulative nature and we place it at our colleague's disposal." Tr. Ev. 48. The prosecuting attorney is not obliged to submit all the evidence at his disposal to support the charge. Where, in his opinion, a fact is sufficiently proved, he may waive the rest of the evidence and if he does it expressly and openly such waiver creates no presumption against him. The defendant had the opportunity, and made no use thereof, to bring the witnesses not utilized by the prosecuting attorney to testify as witnesses for the defense. *People* v. *Guadalupe*, 62 P.R.R. 251, 254 (1943); *People* v. *Dones*, 56 P.R.R. 201, 211 (1940); *People* v. *Ramírez*, 50 P.R.R. 224, 249 (1936). The second error assigned was not committed.

■ The third and sixth errors also challenge the judge's instructions to the jury. Appellant assigns them like this: Third error: "The Court erred in giving an instruction in conflict with the Law." Sixth error: "The Court erred in prejudicing the jury against defendant-appellant through a deficient instruction." Appellant did not raise any objection, nor did he oppose the instructions, nor propose additional instructions. He cannot do so now on appeal. *People* v. *Ramírez de Arellano*, 25 P.R.R. 243, 258–259 (1917) and cases above cited. As previously noted, we have read the instructions given by the judge and, as a whole, they seem fair and adequate to us. We fail to detect therein any defects justifying a reversal of the judgment.[1]

---

[1] Insofar as this aspect is concerned, Rule 137 of the Rules of Criminal Procedure establishes the following: "Neither party may assign

We can also discuss the fourth and fifth errors at the same time. They are as follows: Fourth error: "The Court erred in sustaining the Prosecuting Attorney's objection to an examination of the main witness concerning previous violations of traffic laws." Fifth error: "The Court erred in overruling a question put to the main witness by the defense incidental to the chemical analyses."

With regard to the fourth error: The defense attempted to introduce evidence concerning a previous accident involving witness Morales. The prosecution objected and the judge sustained the objection. The court did not err. *People v. González*, 80 P.R.R. 203, 205 (1958). To support the fifth assignment of error appellant alleges that certain requirements of law were not complied with when witness Morales refused to subject himself to chemical analyses and that his failure to do so was prejudicial to defendant since it foreclosed the possibility of uncovering some fault on the part of witness Morales. However, there is no evidence in the record that the witness was asked to submit to blood tests. On the contrary, there is evidence that the witness was rendered unconscious by the collision. Morales himself testified to that effect and Police Sergeant Jaime Nieves testified that he arrived at the site of the accident about fifteen minutes after it had occurred and that he later went to the hospital. Nieves testified that although he saw witness Morales in the hospital he could not talk to him because he was unconscious. Tr. Ev. 42. We do not think that the incident substantially prejudiced defendant. Had any negligence on the part of Morales been proved, such negligence would absolve defendant only if it had been the sole cause of the accident and of the death, but as we have seen, the evidence believed by the

as error any portion of the instructions or omission therein unless objection is raised thereto or additional instructions are requested before the jury retires to deliberate, stating clearly the grounds of the challenge or of its request."

jury established defendant's gross negligence and carelessness in making a U-turn suddenly and without previously making a sign. Although the testimony of witness Class tended to charge Morales with negligence, the jury seems not to have believed that testimony, but rather the evidence for the prosecution. *People* v. *Ortiz*, 86 P.R.R. 431 (1962); *People* v. *Andino*, 78 P.R.R. 744, 750 (1955); *People* v. *Guadalupe*, 62 P.R.R. 252, 253–54 (1943); *The People* v. *Francis*, 19 P.R.R. 659, 665 (1913).

The judgment appealed from will be affirmed.